**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose Ann Karam, | No. CV-20-00375-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tara Evanko, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Rose Ann Karam's Motion for Reconsideration. (Doc. 20.) For the following reasons, the Motion will be denied, and Plaintiff will be given an additional fifteen days to file an amended complaint.

**I.    Background**

Plaintiff filed a pro se Complaint on August 31, 2020, suing Defendants Tara Evanko, Stephanie Davis, and Suzanne Toyama Bodnar in their individual capacities for alleged violations of her constitutional rights, and seeking monetary damages. (Doc. 4.) The Complaint alleged that Defendants are pharmacists who served as preceptors to Plaintiff when she was a University of Arizona pharmacy student completing rotations at the Southern Arizona Veterans Administration Health Care System and the Davis-Monthan Air Force Base. (*Id.* at 2, 4, 7.) Plaintiff alleged that Defendants, in completing student evaluations of Plaintiff, "conspired to commit defamation/libel and fraud in order to limit the Plaintiff's professional opportunities" and violate her Fifth Amendment rights. (*Id.* at 6; *see also id.* at 2-9.) Plaintiff further alleged that she "decided not to

complete the University of Arizona College of Pharmacy Program" after "experiencing consistent and repetitive intentional, fraudulent misrepresentations." (*Id.* at 9-10.)

In a Screening Order issued on April 6, 2021, the Court dismissed the Complaint for failure to state a claim and allowed Plaintiff thirty days to file an amended complaint. (Doc. 11.) The Court noted that Plaintiff did not allege that Defendants acted under color of state law, as required to state a claim under 42 U.S.C. § 1983. (*Id.* at 4.) The Court also noted that it appeared Plaintiff's claims were barred by the statute of limitations. (*Id.* at 3-4.) The Court then found that the Complaint failed to state a claim for a violation of the Constitution. (*Id.* at 4-5.) The Court noted that the Complaint briefly referenced the Fourth and Eighth Amendments but did not allege any facts to support a violation of those amendments and appeared, instead, to be raising a due process claim under the Fifth Amendment. (*Id.* at 4.) The Court then found that the factual allegations of the Complaint were insufficient to state a due process claim. (*Id.* at 4-5.)

Instead of filing an amended complaint, Plaintiff filed the pending Motion for Reconsideration, asking the Court to reconsider its April 6, 2021 Screening Order. (Doc. 20.)

**II.    Legal Standard**

A motion for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). The movant must "point out with specificity" the matters she believes the Court "overlooked or misapprehended," as well as "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id.* The movant may not repeat arguments made "in support of or in opposition to the motion that resulted in the Order." *Id.*

A "manifest error of fact or law" is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D.

216, 231 (D. Ariz. 2012) (internal quotation marks omitted). A party's mere disagreement with how the court applied the law does not demonstrate manifest error. *Id.*

**III. Discussion**

Plaintiff does not present new facts or legal authority that she could not have presented earlier. Instead, Plaintiff argues that the Court erred in its analysis of her Complaint. (Doc. 20 at 1-5.)

    **A.** *Bivens*

Plaintiff argues, first, that the Court erred in analyzing her claims under 42 U.S.C. § 1983 rather than *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 20 at 1-2, 4.) Plaintiff's Complaint cites both 42 U.S.C. § 1983 and *Bivens*. It is true that the Court's Screening Order analyzed the Complaint only under § 1983 and not *Bivens*. Nevertheless, the Court's finding that the Complaint fails to state a claim for a due process violation applies whether the due process claim is brought pursuant to § 1983 or *Bivens*. Accordingly, Plaintiff's argument does not warrant reconsideration of the Court's dismissal of her Complaint with leave to amend.

Plaintiff is free to clarify in an amended complaint that she is asserting claims only under *Bivens*. However, the Court warns Plaintiff that, before it may consider whether an amended complaint has stated a claim for which she may seek monetary relief pursuant to *Bivens*, the Court will need to first decide the antecedent issue of whether, in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), a *Bivens* cause of action exists at all. *See Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) ("the Court turns first to the *Bivens* question, which is 'antecedent' to other questions presented") (quoting *Wood v. Moss*, 572 U.S. 744, 757 (2014)). In *Ziglar*, the Supreme Court cautioned that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and set forth a two-part test to determine whether a *Bivens* claim may proceed. 137 S. Ct. at 1857 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). A court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors analysis" to determine whether there are "special

factors counselling hesitation" in expanding *Bivens*. *Id*. at 1857, 1859-60.

A claim extends *Bivens* in a new context if it differs in a meaningful way from previous *Bivens* cases decided by the United States Supreme Court. *Id*. at 1859. In *Bivens*, the Supreme Court recognized an implied cause of action for damages for persons injured by federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 396-97. Subsequently, the Supreme Court has only recognized *Bivens* claims under the Fifth Amendment Due Process Clause by an administrative assistant who claimed a Congressman had discriminated against her because of her gender, *Davis v. Passman*, 442 U.S. 228 (1979), and under the Eighth Amendment prohibition against cruel and unusual punishment by a prisoner who claimed federal prison officials had failed to treat his asthma, *Carlson v. Green*, 446 U.S. 14 (1980). "These three cases . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

**B.     Statute of Limitations**

The Court noted in its Screening Order that Plaintiff's claims may be barred by the statute of limitations. (Doc. 11 at 3-4.) Plaintiff argues in her Motion for Reconsideration, without citing to any supporting legal authority, that her claims are governed by a three-year statute of limitations applicable to fraud claims and an eight-year statute of limitations applicable to forgery claims. (Doc. 20 at 2, 4.)

Arizona's two-year statute of limitations for personal injury actions applies to § 1983 actions, *Krug v. Imbordino*, 896 F.2d 395, 396-97 (9th Cir. 1990), as well as *Bivens* actions, *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). Plaintiff has not shown that the Court committed manifest error in the statute of limitations analysis set forth in its Screening Order. Furthermore, even if the Court had erred in its statute of limitations analysis, the Court's finding that Plaintiff's Complaint fails to state a claim for a constitutional violation is an independent ground supporting the Court's dismissal of the Complaint with leave to amend. Accordingly, Plaintiff's argument does not warrant

reconsideration of the Court's Screening Order.

### C. Leave to Amend

Plaintiff appears to argue that she is entitled to amend her Complaint. (Doc. 20 at 2-3.) The Court's Screening Order granted Plaintiff leave to amend her Complaint. (Doc. 11 at 5.) Accordingly, Plaintiff's argument does not warrant reconsideration of the Court's Screening Order.

### D. Failure to State a Due Process Claim

Finally, Plaintiff argues that the Court erred in finding that her Complaint failed to state a due process claim under the Fifth Amendment. (Doc. 20 at 4-5.) In its Screening Order, the Court found that a threshold requirement to a substantive or procedural due process claim is a showing of a liberty or property interest protected by the Constitution, and that the constitutionally protected liberty interest in pursuing one's occupation of choice is "narrow and implicated only when a plaintiff is effectively excluded entirely from her chosen profession." (Doc. 11 at 4 (citing *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 997-98 (9th Cir. 2007)).) Actions that "merely cause reduced economic returns and diminished prestige" are insufficient. (*Id.* (citing *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013)).) The Court further found that, because Plaintiff alleged in her Complaint that she would be able to work out of a call center as a pharmacist despite Defendants' alleged conduct, the Complaint did not sufficiently allege that Defendants' conduct excluded Plaintiff entirely from a career as a pharmacist. (*Id.* at 4-5.)

Plaintiff agrees that actions that merely cause reduced economic returns or diminished prestige are insufficient to support a due process claim if they do not effectively exclude a plaintiff entirely from her chosen profession. (Doc. 20 at 4-5.) However, Plaintiff disagrees with the Court's conclusion that her Complaint does not sufficiently allege that Defendants' actions excluded her entirely from the pharmacy field. (*Id.* at 5.)

As this Court recognized in its Screening Order, Plaintiff's Complaint alleged that,

as a result of Defendants' actions, "she would only be able to work out of a call center as a pharmacist." (Doc. 4 at 10.) This allegation indicates that Plaintiff would be able to work as a pharmacist, although presumably in a pharmacist job with reduced economic returns and diminished prestige. Because a plaintiff must allege that she was effectively excluded entirely from her chosen profession, rather than alleging merely that she was limited to positions of reduced economic returns and diminished prestige, Plaintiff has not shown any manifest error in this Court's prior conclusion that her Complaint failed to state a due process claim.

Because Plaintiff has not shown any manifest error or new facts or legal authority warranting reconsideration of the Court's April 6, 2021 Screening Order, the Court will deny her Motion for Reconsideration. The Court will give Plaintiff an additional fifteen days to file an amended complaint that cures the deficiencies identified in the Court's April 6, 2021 Screening Order. Plaintiff is warned that if she fails to timely file an amended complaint that cures the deficiencies identified in the Court's Screening Order, this action may be dismissed.

An amended pleading supersedes the original. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any ground for relief that was raised in an original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 20) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that, within **fifteen (15) days** of the date this Order is filed, Plaintiff shall file an amended complaint that cures the deficiencies identified in the Court's April 6, 2021 Screening Order (Doc. 11).

Dated this 28th day of June, 2021.

_____
Honorable Rosemary Márquez
United States District Judge